UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL FINNEGAN, DONNIE ROGERS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CHRISTINE BRANNON, individually and in her official capacity, EDWARD BARRETT, individually and in his official capacity, TONY MCCUBBIN, individually and in his official capacity, ROBERT SOLLARS, individually and in his official capacity, CHUCK STOUT, individually and in his official capacity, JOHN VARGA, individually and in his official capacity, MIKE HOFFMAN, individually and in his official capacity, and RICK RUTHART, individually and in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:17-cv-01095-SLD-JEH |
| Defendants. | ) ) | |

## ORDER

Before the Court are a motion to dismiss for failure to state a claim by Defendants Brannon, Hoffman, and Varga ("the Illinois defendants"), ECF No. 16; and another motion to dismiss for failure to state a claim by Defendants McCubbin, Ruthart, Sollars, and Stout ("the union defendants"), ECF No. 18. For the following reasons, the motions are GRANTED.

## BACKGROUND[1]

Plaintiffs are Correctional Transportation Officers employed by the Illinois Department of Corrections ("IDOC"). Plaintiff Finnegan works at IDOC's East Moline Illinois Correctional

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Complaint, ECF No. 1.

1

Facility, and Plaintiff Rogers works at IDOC's Dixon Correctional Center.[2] Plaintiffs allege that Brannon and Varga, wardens of the East Moline and Dixon facilities, respectively, have in some fashion prevented them from working overtime. It is implied that Hoffman, as "director of Central Management Services" has in some more centralized way coordinated this deprivation (what way is, again, unspecified). It is suggested that the union defendants, all of whom work for or represent local branches of the American Federation of State, County and Municipal Employees unions, have entered into labor agreements with Illinois and the Illinois defendants that in some way assign the privilege to work overtime to Correction Officers, as distinct from Correctional Transportation Officers. All of these activities are asserted, in one count for each plaintiff, to have deprived Plaintiffs of a property interest without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983.

## DISCUSSION

### I. Legal Standard on a Motion to Dismiss

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than

---

[2] While the East Moline Illinois Correctional Facility lies within the Central District of Illinois, the Dixon Correctional Center is located in the Northern District of Illinois, raising the question of whether venue for Plaintiff Rogers's claim is proper in the Central District. *See* 28 U.S.C. § 1391(b) (venue lies in the judicial district where any defendant resides, or where the acts or omissions complained of occurred); *see also* 28 U.S.C. § 1406(a) (district court may cure improper venue as to division or district by dismissing or transferring the case). However, when raised by a party (rather than the Court) venue is an affirmative defense, subject to waiver, and no defendant raised venue in its filings. Fed. R. Civ. P. 12(h)(1). More to the point, there is no reason for the Court to transfer venue sua sponte, or dismiss for lack of venue. There is no question as to the Court's subject matter or personal jurisdiction, and the Court considers Plaintiffs' claim only to dismiss it in whole as failing to state a claim, as any other federal district court would do. Better this Court than, after more judicial overhead, another.

2

conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A complaint must also describe its claims in sufficient detail to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in *Bell Atlantic*).

**II.    Analysis**

These claims demonstrate multiple, overlapping misunderstandings of the scope of civil liability under 42 U.S.C. § 1983.

First, as the Illinois defendants point out, Ill. Mem. Supp. Mot. Dismiss 2–3, ECF No. 17, the Eleventh Amendment bars suits by citizens for money damages against the states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Although by it terms, the Amendment does not bar suits against a state by its own citizens (and Finnegan and Rogers are alleged to be residents of Illinois, and perhaps also citizens), the Supreme Court "has consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Exceptions to the rule exist—when a state waives its immunity, when Congress abrogates a state's immunity using its enforcement powers under the Fourteenth Amendment, or when an individual seeks to enjoin a state official from prospective violations of federal law—

3

but none apply here. *See Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002) (collecting cases). Plaintiffs sue the Illinois defendants in their official and individual capacities, but official capacity suits are "only another way of pleading an action against an entity of which an officer is an agent"—here, Illinois. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). Plaintiffs seek only money damages. Compl. 4–5. Thus, their claims are barred by the Eleventh Amendment insofar as they are brought against the Illinois defendants in their official capacities. *But see Ameritech*, 297 F.3d at 586 ("[I]ndividual capacity suits do not implicate the Eleventh Amendment's protections[.]").

Second, as the union defendants observe, Union Mem. Supp. Mot. Dismiss 10–13, private actors are typically not amenable to liability under 42 U.S.C. § 1983. By its terms, § 1983 applies to "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and law[.]" Non-government actors do not usually operate under color of state law, and the unions here are non-government actors. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) ("Unions are not state actors; they are private actors."). Courts recognize two exceptions to the rule: when the state directs or controls the actions of the party in question, rendering it effectively a state agent; and when a state delegates a traditionally public function to a private actor. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). Neither applies here. Plaintiffs seem to allege that the union defendants engaged in collective bargaining with employers, as unions do, and that the resulting employment agreement disfavored Plaintiffs by not allowing them to work overtime. Compl. 3. Arm's-length negotiations between a union and state employers do not typically involve the

4

employer directing or controlling the actions of the union, and Plaintiffs do not allege it; nor do such negotiations involve a delegation of authority, and Plaintiffs do not allege it. The claims against the union defendants fail.

All that remains after these elementary observations are the claims against the Illinois defendants in their individual capacities. And yet those claims fail via the rudimentary operation of black-letter law, as would those already discussed and dismissed. As both sets of movants observe, Ill. Mem. Supp. Mot. Dismiss 4–6, Union Mem. Supp. Mot. Dismiss 4–7, a plaintiff wanting to make out a claim for deprivation of life, liberty, or property without due process of law under the Fourteenth Amendment must say that he was deprived of one of these things. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 (1972) ("[T]he range of interests protected by procedural due process is not infinite."). When a property interest in employment is alleged, the basic criteria are well known:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it . . . .
>
> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure benefits and that support claims of entitlement to those benefits.

*Id.* at 577. Thus, property interests in employment can be created by contract or operation of state law. *Thornton v. Barnes*, 890 F.2d 1380, 1386 (7th Cir. 1989). However, the touchstone, under *Roth*, remains entitlement: need, desire, and unilateral expectation will not do. One cannot be deprived of a thing one never had. *See Brown v. Brienen*, 722 F.2d 360, 364 (7th Cir. 1983) ("Whether an interest is [sufficiently] substantial depends on the security with which it is held under state law and its importance to the holder.").

Here, Plaintiffs allege only that the Illinois defendants, perhaps pursuant to a collective bargaining agreement with the union defendants, "failed to allow Michael and Donnie [sic] to work overtime[.]" Compl. 3. They do not allege an entitlement; rather, they claim, vaguely, that "overtime hours are available and the duties to be performed during those overtime hours are expressly assigned to Correction Transportation Officers per Central Management Services job description for their positions." *Id.* Never mind that their job descriptions and collective bargaining agreements, to which they refer but which they did not attach to their complaint and which have instead been supplied by the Illinois defendants, Ill. Mem. Supp. Mot. Dismiss Exs. 1, 2, appear to say nothing of the sort. *See Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss."). The claim suffers from two other, even simpler flaws.

First, Plaintiffs don't claim that they ever were permitted to work overtime, or were guaranteed the right to, and then had that privilege stripped away. Rather, they seem to say just that they wanted to work overtime, or had a unilateral expectation of working overtime. This is not enough. Second, disputes over being allowed to work overtime, like disputes over lunch breaks, do not involve a property interest of sufficient magnitude to implicate the Fourteenth Amendment. *See Brown*, 722 F.2d at 365 ("[T]he Constitution must not be trivialized by being dragged into every personnel dispute in state and local government. Disputes over overtime, over work assignments, over lunch and coffee breaks do not implicate the great objects of the Fourteenth Amendment."); *see also Caniello v. City of New York*, No. 00 CIV. 3009 BSJ, 2001 WL 11061, at *1 (S.D.N.Y. Jan. 4, 2001) ("Courts, including those of this Circuit, have

consistently held that the right to work overtime is not a constitutionally protected property interest.") (collecting cases).

Plaintiffs do not allege an entitlement sufficient to satisfy *Roth*, and the thing they claim to have been deprived of does not constitute a protectable property interest under the Fourteenth Amendment. All their claims against all moving defendants must fail for this reason.

Only Defendant Barrett, alleged to be "the State Labor Relations Manager who represents management in labor disputes between [Illinois] and [the union]" remains. Compl. 2. However, he was never served, and the case was filed more than ninety days ago. The court dismisses the action as to him. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

Accordingly, the motions to dismiss, ECF Nos. 17, 18, are GRANTED. The case is DISMISSED, and the Clerk ordered to close it.

Entered this 15th day of August, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
